JACK W. FIANDER
TOWTNUK LAW OFFICES, LTD.
SACRED GROUND LEGAL SERVICES, INC.
5808A SUMMITVIEW AVENUE, #93
YAKIMA, WA 98908
(509) 961-0096
TOWTNUKLAW@MSN.COM

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KING MOUNTAIN TOBACCO, Inc.<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA and the United States of America DEPARTMENT OF THE TREASURY,<br><br>        Defendants. | No.<br><br>**COMPLAINT FOR REFUND OF FEDERAL TOBACCO EXCISE TAXES**<br><br>26 U.S.C. § 7422 |

## INTRODUCTION

Plaintiff brings this civil action pursuant to 26 U.S.C. §7422 seeking a refund or credit of $26,390,223.40 for federal Tobacco Excise Taxes paid to the Government.

## I. FACTUAL ALLEGATIONS

1.A. Plaintiff is an Indian tribal corporation incorporated under the laws of the Yakama Nation with headquarters situated on tribal land within the Yakama Nation Reservation.

1.B.  Plaintiff grows tobacco on tribal land within the Yakama Nation Reservation.

1.C. Plaintiff manufactures cigarettes at its industrial plant situated on tribal land within the Yakama Nation Reservation.

COMPLAINT
Page 1

1.C.1.   The people of who would become members of plaintiff's tribe grew tobacco within their territory prior to contact with immigrants and  citizens of other nations.

1.C.2.    Since Time Immemorial, the smoking of tobacco associated with ceremonial or religious events was, and is, an integral part of Yakama culture.

1.D.   Plaintiff has been assessed taxes of $68,838,925.10 for cigarettes manufactured between 2009 and 2013, plus interest and penalties.

1.D.1.  Of such amount, plaintiff has paid defendant $30,522,443.76.

1.E. Approximately 43% of such cartons were manufactured pursuant to orders placed by tribal retailers licensed by the Yakama Nation who exclusively engage in trade on tribal land within the Yakama Nation Reservation.

1.F.  2,614,745 cartons were manufactured for delivery to such tribal retailers during the period 2009 to 2013.

1.F.1.  The Yakama Nation imposes a tax upon each such carton of cigarettes.

1.F.2.  Such tax is expended by the Yakama Nation upon the death of a member of the tribe to their survivor for the deceased tribal member's funerary and burial religious ceremony costs.

1.G.  The federal excise tax upon such product is $10.066 per carton of 200 cigarettes.

1.H. Of the amount stated in paragraph 2.G. above, $26,320,023.20 was assessed by defendant upon products manufactured for use and sale by members of the Yakama Nation on the Yakama Reservation.

1.I.  Plaintiff has paid $30,522,443.76 in taxes to defendant.

1.J.  From 2009 through 2013, Plaintiff manufactured 6,974 cartons of cigarettes that were distributed without cost to enrolled members of the Yakama Nation to be used in connection with tribal traditional and religious ceremonies.

TOWTNUK LAW OFFICES, LTD.
SACRED GROUND LEGAL SERVICES, INC.
5808A SUMMITVIEW AVE #93
YAKIMA, WA 98908

1    1.J.1.  Any Yakama Nation tribal tax imposed upon such products is expended
2  by the Yakama Nation upon the death of a member of the tribe to their survivor for the
3  deceased tribal member's funerary and burial religious ceremony costs.

4    1.J.1.  On information and belief, cigarettes and tobacco products manufactured
5  by plaintiff for tribal ceremonial use are composed 100% of tobacco grown on tribal land
6  within the Yakama Reservation.

7    1.J.2.   The federal tobacco excise tax upon 6,974 cartons of cigarettes totals
8  $70,200.28.

9    1.K.  The taxes imposed by defendant and collected from plaintiff are not subject to the
10  tax if the product is manufactured for exportation to be sold outside the United States.

11    1.K.1.  57% of cigarettes manufactured by plaintiff within the Yakama Nation
12  Reservation are exported outside the Yakama Nation Reservation for sale, use or consumption
13  outside the territorial limits of the Yakama Nation Reservation.

14    1.K.2.  From January 1, 2009 through December 31, 2013, 10,694,544 cartons
15  were manufactured by plaintiff and exported to States outside the Yakama Nation Reservation.

16    1.K.3.  From January 1, 2009 through December 31, 2013, 4,000,374 cartons of
17  cigarettes were manufactured by plaintiff and exported to tribal reservations outside the
18  Yakama Nation Reservation.

19
20    II. JURISDICTION AND VENUE

21    2.A. This Court has jurisdiction under U.S.C. Section 7422, as plaintiff is a taxpayer
22  suing for a refund of taxes wrongfully paid to defendant.  The court further has jurisdiction
23  under 28 U.S.C. Section 1331 in that this case involves a federal question arising under the
24  Constitution, Laws or Treaties of the United States of America.

25

COMPLAINT
Page 3

TOWTNUK LAW OFFICES, LTD.
SACRED GROUND LEGAL SERVICES, INC.
5808A SUMMITVIEW AVE #93
YAKIMA, WA 98908

2.B. The Court has jurisdiction over this cause pursuant to 42 U.S.C. Section 1981 and 1982 in that defendant has denied plaintiff equal protection of the laws by exempting from taxation cigarettes manufactured for export outside the United States while denying plaintiff an exemption for cigarettes manufactured for export beyond the territorial borders of the Yakama Nation Reservation.

2.C.Venue is proper in this judicial district under 28 U.S.C. Section 1391(b) (1) and (2) because the plaintiff resides within this judicial district, the defendants maintain regional offices within this district and intervenor-plaintiff is situated within this district.

### III. PARTIES

3.A. Plaintiff King Mountain Tobacco, Inc. is a corporation under the laws of the Yakama Nation whose manufacturing operations are situated exclusively within the Yakama Reservation with and address of 2000 Fort Simcoe Road, White Swan, WA 98952.

3.B. Defendants are the United States of America and the United States of America Department of the Treasury.

### IV.  CLAIMS FOR RELIEF

5.A Assessment by defendants and collection of taxes upon products manufactured for tribal businesses owned by tribal members on the Yakama Reservation is contrary to and infringes upon rights secured by Article V of the Yakama Treaty of 1855 between the defendant and the Yakama Nation of which plaintiff is a beneficiary.

5.B.  Imposition of a tax upon the manufacture tobacco products, including cigarettes, for exclusive use by members of plaintiff's tribe for religious and ceremonial purpose impermissibly burdens the free exercise of religion secured by the First Amendment of the United States Constitution and Article VI, Clause 2, of such Constitution, such right not having been relinquished by the Yakama Treaty of 1855.

COMPLAINT
Page 4

5.C. Imposition and collection of a federal excise tax on tobacco from plaintiff constitutes discrimination in violation of 42 U.S.C. 1981 and 1982 in that defendant does not impose such a tax upon other manufacturers who product tobacco products for the export market.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

A. Require defendant to refund to plaintiff or credit plaintiff with payment of $26,320,023.20 for taxes paid on cigarettes manufactured for the exclusive use of tribal members within the Yakama Nation Reservation.

B. Require defendant to refund to plaintiff or credit plaintiff with payment of $70,200.28 for taxes imposed by defendant on cigarettes and/or tobacco products manufactured for religious or ceremonial use by members of the Yakama Nation.

D. Award plaintiffs their costs and reasonable attorneys fees; and

E. Grant such other and further relief as is necessary and proper and fair and equitable.

DATED this 25th day of September, 2020.

Respectfully submitted,
KING MOUNTAIN TOBACCO, Inc.
By:

S/Jack W. Fiander
Jack W. Fiander, WSBA # 13116

COMPLAINT
Page 5